Filed 9/26/14  P. v. Carr CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B252983 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA122996) |
| v. | |
| QUINTON CARR, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Paul A. Bacigalupo, Judge.  Affirmed.

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

The sole issue presented is whether the trial court abused its sentencing discretion. In June 2012, defendant and appellant Quinton Carr was on probation for a felony conviction of carrying a concealed weapon when he entered a no contest plea to one count of robbery in this case. Defendant agreed to plead to the robbery charge in return for a low-term sentence of two years in state prison, to run concurrent with the sentence on the probation violation. As part of the plea agreement, defendant was released on his own recognizance pending his sentencing hearing on the condition that if he failed to appear at sentencing, he could face the maximum terms on both the robbery and the probation violation.

Defendant failed to appear at the July 2012 sentencing hearing. Defendant faced a new charge of murder and was eventually arrested, tried and acquitted of murder. In November 2013, a sentencing hearing was held on the robbery charge and the probation violation. The trial court imposed the maximum five-year eight-month prison term.

Defendant contends the trial court abused its discretion in imposing the maximum term on both the robbery charge and the probation violation and in ordering consecutive terms. We find no sentencing error and therefore affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

We summarize the facts contained in the probation report. In April 2012, defendant walked up to the victim, to whom we refer in this opinion as P.O., while he was standing in line at a market, and ripped a necklace from his neck. The necklace was a gift with a value of almost $2,000 and P.O. chased after defendant to try to get it back. P.O. was knocked down by a second unknown male, but P.O. saw defendant jump into a green four-door Lexus sedan. P.O. wrote down the license plate number as the car fled the scene. Surveillance video captured these events.

Los Angeles Police Department officers later located defendant driving the Lexus based on the information obtained from P.O. Defendant was detained wearing the same clothes pictured in the surveillance video. He did not have the necklace on him, but the police recovered $550 from his pocket. Thereafter, P.O. identified defendant in a

photographic lineup and also identified the car as the one in which defendant fled the scene.

A felony complaint was filed against defendant charging him with one count of second degree robbery. (Pen. Code, § 211.)[1] Defendant failed to appear at his May 11, 2012 arraignment. A bench warrant issued for his arrest.

Defendant was arrested and on June 4, 2012, a bench warrant hearing was held. The parties informed the court that a plea agreement had been reached. Defense counsel explained the terms of the agreement as follows: defendant would plead no contest to the robbery charge in return for the low term of two years. The two-year term would run concurrent with the term imposed for defendant's violation of probation in his prior case No. TA115408 (a November 2010 charge for carrying a concealed weapon in violation of § 12025, subd. (a)(2) for which defendant received three years of probation). Defense counsel stated the deal included defendant being released pending sentencing and that "he understands if he fails to appear or picks up any new cases, he can get up to five years on the open case and an additional one-third the midterm on the other case."

On the record, the court asked defendant if he understood and agreed to those terms. Defendant answered yes. The court agreed to release defendant on his own recognizance pending his sentencing hearing in July. The court explained: "If you don't come back on that day and we have to issue a bench warrant and go get you and arrest you, or if you get arrested and charged with a new crime, then the deal is off, the two-year deal is off and you could get up to, for these two cases combined, five years and eight months in prison. [¶] Do you understand that?" Defendant said he did. The court then took the requisite admonitions and waivers on the record. The court found a factual basis for the plea, and found defendant guilty on the robbery charge, and in violation of his probation. The court set sentencing on both matters for July 13, 2012, and ordered defendant to return on that date. The court ordered the preparation of a probation report.

---

[1]     All further undesignated section references are to the Penal Code.

3

Defendant failed to appear at the July 13, 2012 sentencing hearing. A bench warrant issued.

Shortly thereafter, defendant was charged with a murder that occurred on or about July 1, 2012. Defendant eventually was arrested, stood trial and was acquitted on the murder charge.

On November 20, 2013, the sentencing hearing was held on the 2012 robbery charge and the probation violation. Defense counsel argued that defendant's arrest on the murder charge was not a relevant consideration for purposes of sentencing because he was acquitted of the charge. The prosecutor argued that defendant's failure to appear at the July 13, 2012 sentencing hearing was the appropriate grounds for the court to consider in imposing sentence, including for the purposes of increasing the time imposed beyond the two-year low term. Defense counsel acknowledged that defendant's failure to appear in violation of the plea agreement would be justification for the court to "deviate from the two-year deal."

The court stated, "I think it's undisputed he failed to appear. His bond was exonerated, and he didn't come back to court until he got arrested on an arrest warrant, until December of 2012. [¶] And so there's a solid reason to find that he violated the terms and conditions of his O.R. release, and the court's tentative, as I mentioned, would be to impose [the maximum sentence]." After allowing additional argument, the court imposed the maximum sentence, noting the additional factor that defendant had performed unsatisfactorily during his probation on the gun charge by committing the robbery, a serious felony.

The probation report prepared for the sentencing hearing summarized defendant's past criminal history, including the prior felony concealed weapons charge and five felony juvenile adjudications (assault with a deadly weapon, robbery, battery, carjacking and vandalism).

The court awarded defendant 436 days of custody credits and imposed various fines and fees, including a $40 court operations assessment (§ 1465.8) and a $30 criminal

4

conviction assessment (Gov. Code, § 70373).[2] The court set a restitution hearing for a later date to receive evidence as to the appropriate restitution to be awarded to the victim, P.O.

This appeal followed.

## DISCUSSION

Defendant contends the court abused its sentencing discretion by, in essence, imposing a de facto summary punishment solely for failing to appear and by failing to make findings or identify any evidence in the record justifying the imposition of both the upper terms and consecutive sentences. We are not persuaded.

" 'Sentencing courts have wide discretion in weighing aggravating and mitigating factors [citations], and may balance them against each other in "qualitative as well as quantitative terms" [citation] . . . . We must affirm unless there is a clear showing the sentence choice was arbitrary or irrational.' [Citation.]" (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582; accord, *People v. Lai* (2006) 138 Cal.App.4th 1227, 1258.) " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, *the trial court is presumed to have acted to achieve legitimate sentencing objectives*, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978, italics added.)

A return provision, like the term involved here, may be a valid part of a defendant's plea agreement. (*People v. Masloski* (2001) 25 Cal.4th 1212, 1221-1222.) Defendant does not contend he misunderstood the consequences of failing to appear at the July 13, 2012 sentencing hearing. The trial court clearly explained that defendant was being given the opportunity to remain free of custody pending the sentencing hearing, on

---

[2] The minute order for the hearing and the abstract of judgment contain the correct statutory amounts for the assessments. The reporter's transcript reflects that the court ordered a $30 assessment for both the court operations and criminal conviction fees.

5

the condition that he duly return for the hearing, and that if he did not, the "two year deal [was] off" and the court could impose the maximum terms on both the robbery charge and the probation violation.

Rather, defendant argues it was unreasonable for the court to impose the maximum terms solely because he failed to appear for sentencing. We do not agree. Defendant had been fairly warned of the serious consequences of failing to appear. By imposing the maximum terms, the court did not impose a sentence greater than what defendant had been advised was the likely sentence if he violated the terms of the agreement by failing to appear. The court was well within its discretion in imposing the maximum five-year eight-month sentence, as expressly contemplated by the plea agreement and fully discussed during the taking of the plea on June 4, 2012, as the direct consequence of defendant's failure to appear on July 13, 2012.

Further, defendant suggests the court only entertained argument at the sentencing hearing and did not rely on the information in the probation report in imposing both the upper terms and consecutive sentences on the robbery charge and the probation violation. To the extent defendant raises this argument to challenge the court's failure to state separate bases for the imposition of the upper terms and the consecutive sentences, that argument was waived by failure to object on that ground in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 355-356.) In any event, nothing in the record supports this contention.

The transcript of the sentencing hearing unequivocally shows the court had the report in its possession at the hearing, as the court made references to it in discussions with counsel. The probation report documented defendant's extensive criminal history, including assault with a deadly weapon, battery, robbery and carjacking. Defendant failed to reform his behavior despite multiple placements on probation, not the least of which was committing the 2012 robbery while serving probation on the concealed weapons charge. The court expressly noted defendant's unsatisfactory performance on probation as a factor.

The probation report recited multiple aggravating factors warranting the imposition of consecutive terms and the upper terms on both the robbery charge and the probation violation. There is no evidence of *any* mitigating factor. The record thus amply, and unambiguously, supports the court's imposition of sentence. Whether or not it may be better practice for a trial court to separately state the reasons for its sentencing choices when imposing both an upper term and consecutive terms, there is no authority for the proposition that the court erred by not reciting in detail the numerous factors in this case supporting its sentencing choices.

In any event, defendant has not shown it is reasonably probable that a more favorable sentence would be imposed if we were to remand for a further sentencing hearing. (*People v. Avalos* (1984) 37 Cal.3d 216, 233 [remand for resentencing not required where it is "not reasonably probable that a more favorable sentence would have been imposed in the absence of the error"].) Defendant received the exact sentence he was expressly advised would likely be imposed if he violated the return condition of his plea agreement.

Finally, respondent points out, in a footnote, that the court erroneously imposed the wrong amount for the court operations assessment pursuant to section 1465.8 ($30 instead of the $40 mandated by statute), and urges this court to "modify" the judgment. In the reporter's transcript, it does appear the court misspoke, ordering a $30 assessment for both the court operations fee and the criminal conviction fee ($30 is the statutorily correct amount for the conviction fee). However, the minute order and the abstract of judgment contain the correct $40 amount for the court operations assessment and therefore it is unnecessary to correct the judgment.

**DISPOSITION**

The judgment is affirmed.

GRIMES, J.

We concur:


BIGELOW, P. J.              FLIER, J.


7